UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHAMELL WILLIAMS, a minor, by and through his mother, KATRINA SEPT, | )<br>)<br>) |
| Plaintiffs, | ) No. |
| v. | )<br>) Judge<br>) |
| SINAI HEALTH SYSTEM and CHARLES E. LAMPLEY, M.D., | ) Formerly Case No. 2019 L 000278<br>) Circuit Court of Cook County, Illinois<br>) |
| Defendants. | ) |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To: Dorothy Brown
Clerk of the Circuit Court
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Michele C. Anderson
Hall Prangle & Schoonveld, LLC
200 South Wacker Drive, Suite 330
Chicago, Illinois 60606

James T. Ball
120 South LaSalle Drive, Suite 1901
Chicago, Illinois 60603

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1. On or about January 9, 2019, plaintiff Khamell Williams, a minor, by his mother, Katrina Sept, commenced the above civil action in the Circuit Court of Cook County, Illinois, against Sinai Health System and Charles E. Lampley, M.D., alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Access

Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. Dr. Edward Charles Lampley (improperly named as "Charles E. Lampley, M.D." in the state court complaint) was acting within the scope of his employment at Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Dr. Lampley was acting within the scope of his employment at Access Community Health Network with respect to the incidents referred to in the complaint. *Id*.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Dr. Lampley.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of defendant Edward Charles Lampley, M.D.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

By: s/ Prashant Kolluri
    PRASHANT KOLLURI
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9085
    prashant.kolluri@usdoj.gov

# EXHIBIT A

**12-Person Jury**

#27936

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
1/9/2019 2:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L000278

KHAMELL WILLIAMS, a Minor, by and through )
his mother, KATRINA SEPT, )
)
      Plaintiffs, )
)
vs. )  No. 2019L000278
)
SINAI HEALTH SYSTEM and )
CHARLES E. LAMPLEY, M.D., )
)
      Defendants. )

## COMPLAINT AT LAW

### COUNT ONE – SINAI HEALTH SYSTEM – PHYSICIAN AND STAFF NEGLIGENCE

NOW COMES Plaintiff, KHAMELL WILLIAMS, a minor, by his mother and next friend, KATRINA SEPT, pleading hypothetically and in the alternative of defendant SINAI HEALTH SYSTEM, and states:

1. At all times relevant hereto, defendant SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD, was engaged in the business of offering medical and hospital services and facilities for obstetrical and other medical care in the City of Chicago, Cook County, Illinois.

2. At all times relevant hereto, defendant SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel,

including Charles E. Lampley, MD, held itself out to the public and specifically to plaintiff's mother as a hospital facility capable of rendering appropriate medical care to plaintiff.

3. On or about September 6, 2017 plaintiff's mother was admitted as a patient at defendant SINAI HEALTH SYSTEM to deliver her baby.

4. On or about September 6, 2017, plaintiff, KHAMELL WILLIAMS, was born and immediately following his birth required emergency care and treatment from defendant, SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD.

5. After assuming care for the plaintiff, KHAMELL WILLIAMS, defendant SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD, was then and there guilty of one or more of the following acts and/or omissions:

(a) Carelessly and negligently failed to take the proper and due cognizance of the condition of ill-being and/or distress suffered by plaintiff, KHAMELL WILLIAMS, and failed to make a correct and timely diagnosis of the nature and extent thereof;

(b) Carelessly and negligently failed to call a consultant who specializes in and is capable of diagnosing and treating the conditions of ill-being and/or distress suffered by plaintiff, KHAMELL WILLIAMS;

2

(c) Carelessly and negligently failed to order appropriate procedures and/or intervention in a timely manner for plaintiff, KHAMELL WILLIAMS;

(d) Otherwise, carelessly and negligently cared for and treated plaintiff, KHAMELL WILLIAMS, after his delivery.

5. As a result of one or more the aforesaid acts and/or omissions, plaintiff, KHAMELL WILLIAMS, suffered Erb's Palsy and other injuries.

6. Plaintiff, KHAMELL WILLIAMS', injuries were a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of defendant, SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD.

WHEREFORE, Plaintiff, KHAMELL WILLIAMS, a minor, by her mother and next friend, KATRINA SEPT, respectfully requests judgment against Defendant SINAI HEALTH SYSTEM in excess of Fifty Thousand Dollars ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

### COUNT TWO – SINAI HEALTH SYSTEM – INSTITUTIONAL NEGLIGENCE

NOW COMES Plaintiff, KHAMELL WILLIAMS, a minor, by his mother and next friend, KATRINA SEPT, pleading hypothetically and in the alternative of defendant SINAI HEALTH SYSTEM, and states:

3

FILED DATE: 1/9/2019 2:40 PM 2019L000278

1. At all times relevant hereto, defendant SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD, was engaged in the business of offering medical and hospital services and facilities for obstetrical and other medical care in the City of Chicago, Cook County, Illinois.

2. At all times relevant hereto, defendant SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD, held itself out to the public and specifically to plaintiff's mother as a hospital facility capable of rendering appropriate medical care to plaintiff.

3. On or about September 6, 2017 plaintiff's mother was admitted as a patient at defendant SINAI HEALTH SYSTEM to deliver her baby.

4. On or about September 6, 2017, plaintiff, KHAMELL WILLIAMS, was born and immediately following his birth required emergency care and treatment from defendant, SINAI HEALTH SYSTEM, by and through its staff, physicians, physicians with privileges, nurses, employees, agents, and/or other personnel, including Charles E. Lampley, MD, for neonatal and other medical care.

5. At all times relevant hereto, defendant SINAI HEALTH SYSTEM was responsible for the selection, hiring, training, management, discipline, firing, monitoring, and supervision of

its staff, nurses, physicians, and other personnel, including Charles E. Lampley, MD.

6. At all times relevant hereto, defendant SINAI HEALTH SYSTEM was responsible for promulgating and following appropriate rules, regulations, and procedures in accordance with the standards of care in the community.

7. At all times pertinent hereto, defendant SINAI HEALTH SYSTEM carelessly and negligently performed its above mentioned duties.

8. As a direct and proximate result of the above mentioned negligence and carelessness, plaintiff, KHAMELL WILLIAMS, sustained Erb's palsy and other injuries.

WHEREFORE, Plaintiff, KHAMELL WILLIAMS, a minor, by his mother and next friend, KATRINA SEPT, respectfully requests judgment against Defendant SINAI HEALTH SYSTEM in excess of Fifty Thousand Dollars ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

COUNT THREE - CHARLES E. LAMPLEY, M.D. - NEGLIGENCE

NOW COMES Plaintiff, KHAMELL WILLIAMS, a minor, by his mother and next friend, KATRINA SEPT, pleading hypothetically and in the alternative of defendant Charles E. Lampley, M.D., and states:

1. At all times relevant hereto, defendant Charles E. Lampley, M.D. was a physician licensed to practice in Illinois and had a principal place of practice in Cook County, Illinois.

5

2. On or about September 6, 2017, plaintiff's mother, KATRINA SEPT, sought the care and treatment of defendant Charles Lampley, M.D. for the obstetrical care of her baby, plaintiff, KHAMELL WILLIAMS.

3. At all times relevant hereto, defendant Charles Lampley, M.D. had a duty to care for plaintiff according to the prevalent and accepted standards of care in his community and specialty.

4. After assuming care for KATRINA SEPT and plaintiff, defendant Charles Lampley, M.D. was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to take into consideration the large size of the baby and need for a c-section and more particularly, plaintiff, KHAMELL WILLIAMS, as required under the circumstances;

(b) Carelessly and negligently failed to take the proper and due cognizance of the condition of ill-being and/or distress suffered by KATRINA SEPT and her fetus and baby, and failed to make a correct and timely diagnosis of the nature and extent thereof;

(c) Carelessly and negligently failed to order the proper and adequate number of tests to be performed upon KATRINA SEPT and plaintiff, KHAMELL WILLIAMS;

(d) Carelessly and negligently made, monitored, and/or interpreted the tests made upon plaintiff and KATRINA SEPT;

(e) Carelessly and negligently failed to order appropriate procedures and/or surgery in a timely manner for KATRINA SEPT and her fetus and baby;

6

FILED DATE: 1/9/2019 2:40 PM 2019L000278

(f) Otherwise, carelessly and negligently cared for and treated plaintiff, KHAMELL WILLIAMS, after his delivery.

5. As a direct and proximate result of one or more of the aforesaid acts and/or omissions, plaintiff, KHAMELL WILLIAMS, suffered Erb's palsy and other injuries.

WHEREFORE, Plaintiff KHAMELL WILLIAMS, a minor, by his mother and next friend, KATRINA SEPT, respectfully requests judgment against Defendant Charles Lampley, M.D. in excess of Fifty Thousand Dollars ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

_____
James T. Ball

BALL LAW GROUP
Attorneys for Plaintiffs
120 S. LaSalle Street
19th Floor
Chicago, IL  60603
312.609.4900
312.609.4901 fax
jballlaw@ymail.com

7

#27936

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KHAMELL WILLIAMS, a Minor, by and through his mother, KATRINA SEPT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| SINAI HEALTH SYSTEM and CHARLES E. LAMPLEY, M.D., | ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT PURSUANT TO SECTION 2-622(a)(1)

I, James Ball, being first duly sworn, state on oath:

1. I am the attorney for the above plaintiff and am duly licensed to practice law in the State of Illinois.

2. I have consulted and reviewed the facts of this case with a physician, licensed to practice medicine in all its branches, who I reasonably believe:

   a. is knowledgeable in the relevant issues involved herein;

   b. practices or has practiced within the last six years or teaches or has taught within the last six years in the same area of health care or medicine that is at issue in this particular action; and

   c. is qualified by experience or demonstrated competence in the subject of this case.

3. The consultant has prepared a written report, a copy of which is attached hereto, after having reviewed the medical records, determining that there is a reasonable and meritorious cause for filing this action against the defendants named above.

4. I have concluded, after conducting a section 2-622 investigation of this case and on the basis of reviewing the

physician's review and consultation, that there is a reasonable and meritorious cause for filing this action.

_____
James Ball
Attorney for Plaintiff

SUBSCRIBED and SWORN to before me this 9th day of January, 2019.

_____
Notary Public

OFFICIAL SEAL
TANYA R WILBER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/20/21

BALL LAW GROUP, LLC
Attorneys for Plaintiffs
120 S. LaSalle Street
Suite 1901
Chicago, IL 60603
312.609.4900
312.609.4901 fax
jballlaw@ymail.com

2

#27936

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KHAMELL WILLIAMS, a Minor, by and through his mother, KATRINA SEPT, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. |
| SINAI HEALTH SYSTEM and CHARLES E. LAMPLEY, M.D., ) ) ) ) | |
| Defendants. ) | |

PHYSICIAN'S REPORT

1. I am a physician licensed to practice medicine in all of its branches.

2. I have reviewed the records of Mount Sinai Hospital related to plaintiff's mother's pregnancy and the delivery and follow-up care of plaintiff.

3. It is my opinion upon review of the records that there is a reasonable and meritorious case of action against Mount Sinai Hospital for the care and treatment of plaintiff's mother and the resultant delivery and condition of plaintiff. The record shows that by ultrasound Ms. Sept's fetus was known to be so large that the standard of care required that Ms. Sept should have delivered by C-Section.

# EXHIBIT B

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Khamell Williams, a Minor, by and through his mother, Katrina Sept, v. Sinai Health System and Charles Lampley, M.D.*, No. 19 L 278 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that E. Charles Lampley, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, E. Charles Lampley, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

                                               s/ Thomas P. Walsh
                                               THOMAS P. WALSH
                                               Chief, Civil Division
                                               Office of the United States Attorney
                                                   for the Northern District of Illinois

Date: June 26, 2019